[Crim. No. 365.   First Appellate District.—February 13, 1912.]

## THE PEOPLE, Respondent, v. ANDREW MORAN, Appellant.

CRIMINAL LAW—ATTEMPT TO COMMIT ROBBERY—SUFFICIENT OVERT ACT. It is held that the evidence in the record is sufficient to sustain a conviction for an attempt to commit robbery, since it shows more than mere acts of preparation, and shows a sufficient overt act to constitute the crime charged.

ID.—CONFEDERATES IN CRIME—COMMITTER OF OVERT ACT NOT MATERIAL. Where the whole case shows that defendants, jointly indicted for the same offense of attempting to commit robbery, were each responsible for the criminal acts of the other committed in furtherance of their joint enterprise, it is unimportant that the evidence in the record upon appeal in this case does not show which of the defendants committed the overt act.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

18 Cal. App.—14

Joseph A. Brown, for Appellant.

U. S. Webb, Attorney General, and J. H. Riordan, Deputy Attorney General, for Respondent.

HALL, J.—Appellant was jointly charged with one Harold Jones with the crime of attempt to commit robbery, and was upon his trial found guilty as charged, and upon judgment being pronounced took an appeal from such judgment to this court.

The only point urged in the brief for a reversal is that the evidence does not show any overt act or attempt upon the part of appellant, but only acts of preparation. We think, however, that the evidence in the record does show something more than mere acts of preparation, and does show a sufficient overt act to constitute an attempt to commit robbery, within the rule as to attempts to commit crimes as laid down in *People* v. *Stites,* 75 Cal. 570, [17 Pac. 693].

The evidence tends to show that either appellant or his codefendant, at between 1 and 2 o'clock in the morning, pushed open the swinging doors of a saloon situate on Kentucky street, thrust his head within, and seeing that there were about twelve men in the saloon, withdrew and crossed the street and joined his codefendant. The two men walked away, but were immediately followed by an officer to whom they had been pointed out. The defendants were followed by the officer for about two blocks, when they took refuge in a lumber yard, where, after a search of five or six minutes, they were found by the officer hiding behind a pile of lumber. Each defendant wore around his neck a handkerchief, with holes so fashioned that it might serve as a mask to conceal the features. Appellant had upon his person a loaded pistol. His companion had upon his person cartridges, and a pistol was shortly afterward found, by a second officer, concealed where defendants were apprehended. They were immediately taken back to the saloon. The next day appellant admitted. to an officer that he "was out to do a job, but not to do that saloon."

It is quite immaterial whether it was appellant or his codefendant that thrust open the door of the saloon and started to enter therein, for there can be little doubt but that they were acting in concert in whatever they were engaged upon the night in question.

The facts in evidence were ample to justify the conclusion that the person who pushed open the saloon door did so for the purpose and with the intent to enter the saloon, and with force and violence feloniously take from the possession of the inmates such money as they might have upon them. The pushing open the door and the partial entry through the same were overt acts that went beyond mere acts of preparation. They were such overt acts as amounted to an attempt to commit the intended crime within the doctrine laid down in *People* v. *Stites*, 75 Cal. 570, [17 Pac. 693]. The large number of persons in the saloon prevented the consummation of the robbery. In the Stites case the defendant and a confederate had arranged to place an explosive or bomb upon the track of the Sutter street railroad. The bomb having been previously prepared Stites took it and left his house and went to meet his confederate. Having met him they proceeded on their way toward their objective point, where they intended to place the bomb on the track, but before reaching the point discovered that they were being watched by some police officers, when they abandoned their purpose. It was held that the evidence supported the verdict of guilty. The court held that the construction of the bomb was an act of preparation only. The court however said: "But when the prisoner left his house on the morning of the 16th of February and went to Turk street pursuant to the antecedent arrangement between his confederate and himself, it amounted to an overt act done by him for the purpose of effecting the crime intended, and was in law and fact a criminal attempt."

So, in the case at bar, when one of the defendants pushed open the saloon door with intent to enter and rob the inmates, he was guilty of an overt act that amounted in fact and in law to an attempt to commit the crime of robbery. This case cannot be distinguished in principle from *People* v. *Stites*, 75 Cal. 570, [17 Pac. 693]. It is unimportant that the evidence in the record before us does not show which of the defendants committed the overt act. The whole case shows that they were acting in concert and as confederates, and each was responsible for the criminal acts of the other committed in furtherance of their joint enterprise.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.