### BARRETT v. BIGGER, Agent.

(Court of Appeals of District of Columbia. Submitted December 7, 1926. Decided January 3, 1927. Petition for Rehearing Denied January 15, 1927.)

#### No. 4474.

1. **Extradition ⊗⇒34—Requisition petition and annexed copy of proceedings held not to show former jeopardy, precluding trial, if extradited.**

Requisition petition, having annexed copy of proceedings in demanding state, *held* not insufficient, as showing that jury, after being sworn in defendant's case, was discharged without his consent, in manner such that defendant, if extradited, could not be tried, because of already having been placed in jeopardy.

2. **Criminal law ⊗⇒183—Former jeopardy is not defense, where jury on first trial was discharged on defendant's motion, or with his consent.**

A defendant cannot plead former jeopardy, where jury before which he was first on trial was discharged on his own motion, or with his consent.

3. **Extradition ⊗⇒30—One leaving state for whatever reason after date of crime for which indicted is fugitive from justice.**

One charged by indictment with commission of crime in demanding state who leaves that state after date of crime, becomes fugitive from justice, regardless of purpose or reason for his departure.

4. **Extradition ⊗⇒39—Evidence should be regarded liberally in favor of demanding state, technical rules being inapplicable.**

Court, construing evidence in extradition proceedings, is not governed by technical rules prevailing in case of trial for crime, but should regard it liberally in favor of demanding state.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus by Thomas F. Barrett against J. Brady Bigger, Agent of the State of Pennsylvania. From a judgment discharging the writ, dismissing the petition, and remanding petitioner to custody, he appeals. Affirmed.

R. H. McNeill and J. W. Maher, both of Washington, D. C., for appellant.

Peyton Gordon and Neil Burkinshaw, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The appellant, Thomas F. Barrett, was arrested upon a warrant issued by the Supreme Court of the District of Columbia, under authority of section 930, D. C. Code, upon a requisition of the Governor of Pennsylvania, based upon an indictment found against appellant in that state, charging him with the crime of obtaining money under false pretenses. He applied to the Supreme Court of the District for a writ of habeas corpus as a means of testing the legality of his detention. Upon a hearing duly had the writ was discharged, the petition dismissed, and appellant was remanded to the custody of appellee. This appeal was then taken.

Appellant states in his brief that there are but two questions to be inquired into by this appeal: First, "Are the (requisition) papers on their face regular in form; that is, do they state substantially a charge of crime against the accused upon which he can be tried if extradited?" and, second, "Is the accused a fugitive from the justice of the demanding state?" Appellant contends that each of these questions must be answered in the negative.

[1] Appellant's first contention is based upon the record of the proceedings had in the Pennsylvania court in his case, a copy of which is annexed to the requisition petition. This discloses that the indictment against him was found by a grand jury of Sullivan county, Pa., in the month of November, 1919; that

he appeared in court at various times thereafter, and entered into various recognizances for future appearances, and that on September 8, 1921, a jury was called and sworn in his case; that the jury was then discharged, the record failing to show a legal necessity for this order, or that appellant as defendant consented thereto. Appellant claims that by reason of the impaneling and swearing of a jury he was placed in jeopardy, and therefore cannot again be put to trial upon the indictment. He claims accordingly that the requisition petition fails to state a charge of crime against him upon which he can be tried if extradited, and that he should therefore be discharged from appellee's custody.

We cannot agree with this contention. The entry in the record to which appellant refers reads as follows: "September 8, 1921. —Jury called and sworn." There is no entry of the discharge of the jury or the date thereof, although manifestly the court must have ordered such a discharge. No ground for the court's order is stated in the record, nor is any reference made to either consent or objection of the defendant thereto. But under date of the next day, to wit, September 9, 1921, appears the following entry: "Cont'd to Nov. Sess. 1921, on request of Dft.; consented to by Dist. Atty., Prosecutor, and Private Counsel. (See Trial List No. 5, page 69)." It also appears that the defendant on the same day entered into a recognizance conditioned for his appearance on the third Monday of November, 1921, and that after various continuances a continuance "by agreement" was entered as late as June 8, 1925. We think that these entries fairly imply that the jury was discharged on motion of appellant as defendant, and accordingly that his claim of former jeopardy is without merit. This interpretation of the record makes it unnecessary for us to decide whether appellant is entitled to raise the question of former jeopardy in this proceeding.

[2] A defendant cannot plead former jeopardy, where the jury before which he was first on trial was discharged on his own motion or with his consent. 16 Corpus Juris, 254.

[3] As to appellant's second contention, we are of the opinion that in contemplation of law the appellant is a fugitive from the justice of the demanding state.

"A person charged by indictment or by affidavit before a magistrate, with the commission within a state of a crime covered by its laws, and who, after the date of the commission of such crime leaves the state—no matter for what purpose or with what motive, nor under what belief—becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice, and if found in another state must be delivered up by the Governor of such state to the state whose laws are alleged to have been violated, on the production of such indictment or affidavit, certified as authentic by the Governor of the state from which the accused departed. Such is the command of the supreme law of the land, which may not be disregarded by any state." Appleyard v. Massachusetts, 203 U. S. 222, 227, 27 S. Ct. 122, 123 (51 L. Ed. 161, 7 Ann. Cas. 1073).

[4] The record does not refute the statement that appellant was in Pennsylvania at the time charged by the indictment for the commission of the alleged crime. In construing the evidence we are not to be governed by the technical rules as in the case of a trial for a crime, but to regard it liberally in favor of the demanding state, "because in delivering up an accused person to the authorities of a sister state" we "are not sending him for trial to an alien jurisdiction, with laws which our standards might condemn, but are simply returning him to be tried, still under the protection of the federal Constitution, but in the manner provided by the state against the laws of which it is charged that he has offended." Biddinger v. Commissioner of Police, 245 U. S. 128, 133, 38 S. Ct. 41, 62 L. Ed. 193; Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302; Depoilly v. Palmer, 28 App. D. C. 324; Ellison v. Splain, 49 App. D. C. 99, 261 F. 247.

The judgment of the lower court is affirmed, with costs.