**Porter L. LAWSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13697.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 20, 1957.

Decided Oct. 3, 1957.

fendant to make any defense. It is said the instruction should have been given because of remarks of the prosecutor to the jury, in summation, about defendant's failure to call certain witnesses. The remarks were permissible [3] and did not require that the suggested instruction be given. The jury were fully advised by the court that the burden of proof rested upon the Government to prove guilt to their satisfaction beyond a reasonable doubt, that this burden extended to each and all essential elements of the offense charged, and that the burden rested upon the Government from the beginning to the end of the case.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Alexander L. Stevas, Asst. U. S. Attys., were on the brief, for appellee.

Affirmed.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

On appeal from a conviction of housebreaking, D.C.Code, § 22–1801 (1951), appellant urges error in the admission of certain statements made to police officials after his arrest in the early morning hours and before he was taken before a committing magistrate. He relies upon Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. But no trial objection was made to the evidence, so that we are not required to decide the question of its admissibility, and the evidence is of a character and appears in a context [1] which does not lead us to do so in our discretion.[2]

It is also contended that the court erred in refusing a requested instruction that it was not the duty of de-

---

1. It might well be that objection was not made because the whole of what was said was thought to be helpful to the defendant.

2. Crawford v. United States, 91 U.S.App. D.C. 234, 198 F.2d 976; McQuaid v. United States, 91 U.S.App.D.C. 229, 198 F.2d 987; Mumforde v. United States,

76 U.S.App.D.C. 107, 130 F.2d 411; Bradley v. United States, 101 U.S.App. D.C. ——, 249 F.2d 922; cf. Payton v. United States, 96 U.S.App.D.C. 1, 4, 222 F.2d 794, 797.

3. Smith v. United States, 5 Cir., 234 F. 2d 385, 389; Rice v. United States, 2 Cir., 35 F.2d 689, 694–695.