Anthony M. ACCARDO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13691.

United States Court of Appeals District of Columbia Circuit.

Argued June 20, 1957.

Decided Oct. 25, 1957.

Petition for Rehearing Denied Dec. 4, 1957.

Mr. Gerald G. Schulsinger, Washington, D. C. (appointed by this Court), for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

The appeal is from a judgment of conviction of attempt to commit robbery, in violation of section 22–2902, D.C.Code (1951). The incidents which led to the indictment occurred at a gasoline station owned and operated by the principal witness for the prosecution. Since the defendant did not take the stand, the case turned from a factual standpoint upon the credence the jury would give to the testimony of the principal prosecution witness. While his testimony was not corroborated we think it adequately supports the verdict and that this is so notwithstanding the circumstance that the intent to rob, an essential element of the offense charged, could only be inferred. The witness could have been under no delusion as to his visitor's intent when, as he testified, he "looked up and into the muzzle of an automatic pistol."

520

It is contended that remarks of the prosecuting attorney in his summation to the jury were improper and prejudicial. No objection to the remarks was made, and so we do not consider the point except to say that it is not of a character, in the context of the case as a whole, which requires us to pass upon it in our discretion to consider trial questions not raised in the District Court. Lawson v. United States, 101 U.S.App.D.C. 332, 248 F.2d 654, and cases cited. Nor are other errors urged for the first time in this court ground for reversal.[1]

Affirmed.

BAZELON, Circuit Judge (dissenting).

The complainant, the proprietor of a gas station, testified that, after he had locked up for the night, a man rapped at his door and motioned to him to come to the door. He motioned to the man to go to an open window, which the man did. There followed some talk about a fan belt for an automobile and then the man produced a gun and said, "Now, you go over and unlock that door. I'm coming in." The complainant, instead of complying with that order locked himself in the washroom and, from the window of that room, summoned help. The gunman fled. The complainant further testified that appellant was the man in question and that he had identified appellant as the offender at a police line-up 34 days after the offense.

Appellant contends that he was entitled to a judgment of acquittal because there was no evidence from which the jury could conclude beyond a reasonable doubt that his purpose in demanding entry was to commit robbery. I think this point is well taken.

In my view the evidence may well be sufficient to sustain a conviction of as-sault with a dangerous weapon, D.C. Code, § 22–502. Appellant was convicted, however, of an attempt to commit robbery. To sustain a conviction of that crime, "it must be shown that the accused intended to commit that particular crime." Clark & Marshall, Crimes 79 (5th ed. 1952). The only evidence relied on to prove the necessary intent is the fact that he demanded entry at the point of a gun.

It could have been inferred from the evidence, as the Government argues, that appellant's intent in demanding entry into the gas station was to commit robbery. But it could also have been inferred that his intent was something else. The Government says it is unlikely that his purpose was to commit homicide or mayhem because he could have committed those crimes by shooting through the window. Obviously he could also have robbed the complainant without entering the premises, simply by demanding money at the point of his gun. The Government says a finding that appellant's purpose was anything other than robbery would have to be based upon conjecture and speculation because there was no evidence of any other purpose. But neither was there evidence that the purpose was to rob. What the argument for affirmance comes to, then, is that, though several different intents could possibly be inferred from the circumstances, the inference that the intent was to rob is, in the light of common experience, more probable than any other. But proof beyond a reasonable doubt, while it does not mean proof to a certainty, does mean proof beyond a mere probability. Since every element of a criminal charge must be proven by the prosecution beyond a reasonable doubt, proof that the necessary specific intent is merely more probable than any other is insufficient to sustain a conviction. Curley v. United States, 81 U.S.App.D.C.

---

[1] After the case was submitted in this court, a supplemental brief and supporting affidavit were filed with us on behalf of appellant, growing out of the distribution by the clerk of the District Court to petit jurors of a manual entitled "Jury Service," said to contain guides to the jury inconsistent with the rights of defendant. The problem thus created is not initially for decision in this court in the absence of any motion or other proceedings with respect to it in the record made in the District Court.

389, 160 F.2d 229, certiorari denied, 1947, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850; Cooper v. United States, 1954, 94 U.S.App.D.C. 343, 218 F.2d 39; Scott v. United States, 1956, 98 U.S.App.D.C. 105, 232 F.2d 362.

For its contention that the evidence here was sufficient to permit a conclusion beyond a reasonable doubt that appellant intended to rob, the Government relies on United States v. Baker, D.C.S.D.Cal. 1955, 129 F.Supp. 684; People v. Sameniego, 1931, 118 Cal.App. 165, 4 P.2d 809, 5 P.2d 653; People v. Moran, 1912, 18 Cal.App. 209, 122 P. 969; Holbrook v. State, 1927, 37 Ga.App. 106, 138 S.E. 919; and Steadman v. State, 1888, 81 Ga. 736, 8 S.E. 420. None of these authorities support the Government's position. In Baker the issue was whether the circumstances showed the element of intimidation, intent being admitted. In Moran, as well, intent was not in question, the issue being whether the evidence proved an attempt rather than mere preparation. The court held that "when one of the defendants pushed open the saloon door with intent to enter and rob the inmates, he was guilty of an overt act that amounted in fact and in law to an attempt to commit the crime of robbery." 122 P. at page 970. In Holbrook a street hold-up was held to be an attempt to rob, and in Steadman a midnight break-in of a dwelling house was held to show intent to steal. Not only were the circumstances in both of those cases less equivocal than the circumstances in the case before us, but it is not clear that the standard of proof of crime is as high in Georgia as in this jurisdiction. Georgia Code 1933, §§ 38–105, 38–110; see 9 Wigmore, Evidence, § 2497, n. 1 (3d ed. 1940). The Sameniego case held intent to rob was "prima facie" proven by evidence that the accused walked up to the victim's parked car and shot him to death. But what was there involved was proof of corpus delicti and the court pointed out: "It is well settled that proof of the corpus delicti beyond a reasonable doubt is not a prerequisite to the reception in evidence of a confession, prima facie proof being sufficient." 4 P.2d at page 811.

Evidence which may be sufficient to support a verdict in a civil case or a "prima facie" determination in a criminal case may not suffice where the standard is proof beyond a reasonable doubt. In my opinion the evidence of intent to rob failed to satisfy that standard in this case. I would reverse the conviction.

I also think there is another reason for reversal. The prosecution's case, depending as it did solely upon the testimony of the victim of the crime, was rather weak. But the jury credited that testimony and rejected that of appellant's alibi witness. The issue of credibility was for the jury to decide and, absent error in the process by which it was submitted to the jury, their decision must stand. Appellant urges such error.

In his summation, the prosecutor stated:

"He [complainant] tells you ladies and gentlemen that he is positive the defendant is the man who came to his place of business that night.

"Ladies and gentlemen, are you going to doubt him? Are you going to say that you have got to put on an array of witnesses here to show that he was the one, that he has got to be corroborated by other witnesses?

"If you do that, ladies and gentlemen, if you take that position you are issuing a license to the robbers and criminals in this jurisdiction to take over the capital of the Nation.

"Are you going to issue that license?"

And in his rebuttal, he added:

"He [defense counsel] tells you that it would be physically impossible for Mr. Hamm to recognize this man as the man who attempted to rob him because he was so excited.

"Ladies and gentlemen, are you going to accept that? Is it going to be said that any time a person is robbed or harmed in this jurisdiction that they are so excited, all they are

watching is the gun, they cannot recognize the person?

"If so why you just issue a license, as I stated before, to increase crime in this jurisdiction. You just can't do it."

The effect of these remarks was to bolster the weak part of the prosecution's case by an appeal to passion and prejudice. This was plain and prejudicial error and "the trial judge should have stopped counsel's discourse without waiting for an objection." Viereck v. United States, 1943, 318 U.S. 236, 247–248, 63 S.Ct. 561, .566, 87 L.Ed. 734.