**Aaron PERRY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14058.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 20, 1957.

Decided Dec. 12, 1957.

**Writ of Certiorari Denied April 28, 1958.**

See 78 S.Ct. 785.

Mr. Harry M. Plotkin, Washington, D. C., with whom Mr. Leon R. Brooks, Washington, D. C. (both appointed by this Court) was on the brief, for appellant.

Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., for appellee. Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Thomas Flannery, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

At a jury trial appellant was convicted of rape, in violation of § 22–2801, D.C. Code (1951). Intercourse was not in dispute, so that the case against appellant turned upon whether there was consent, or, in contrast, circumstances which made out the crime of rape.

Certain statements of an incriminatory character [1] made to police officers by appellant were testified to by the officers at the trial. Appellant, taking the stand in his own defense, did not deny making the statements but said that some of the things he told the officers and to which they testified were not true. The question on appeal is whether the statements were inadmissible under Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and related cases, particularly McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100, or were admissible under United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.

The statements were made in the following circumstances:

On complaint of the girl the officers went to appellant's home at about 10:30 p. m. Noting fresh scratch marks on appellant's face, they inquired about this and as to his whereabouts earlier that evening when the alleged crime occurred. His responses and explanations are the statements in question, given when the

1. The United States says the statements were not incriminatory, but able counsel for appellant contends that they were, and they were admitted in evidence as being of that character.

officers accosted him at his home and were conversing with him en route from there to police headquarters in their custody. Nothing he said after arrival at headquarters was offered in evidence. Nothing indicates there was any delay in taking appellant from his home to the headquarters. It is not claimed, and does not appear, that the statements were involuntary. And there was no unnecessary delay, prior to the statements, in taking appellant before a committing magistrate in accordance with the terms of Rule 5(a) of the F.R.Crim.P., 18 U.S.C.A. In these circumstances Mallory v. United States, supra, does not apply. On the contrary, the factual situation is essentially like that in United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140, where the Supreme Court held that statements made under similar circumstances were not inadmissible. We accordingly so hold with respect to those now before us.

For some reason, inexplicable from the record, appellant was held for six days without being taken before a committing magistrate. This appears to have been clearly in violation of law. Rule 5(a), F.R.Crim.P. But the statements in evidence were made prior to this illegal detention; and, therefore, were not inadmissible because of it. See United States v. Mitchell, supra,[2] where, notwithstanding Mitchell was not arraigned before a committing magistrate until eight days after his disclosures were made, the Supreme Court said that "the illegality of Mitchell's detention does not retroactively change the circumstances under which he made the disclosures. These, as we have seen, were not elicited through illegality,"[3] having been volunteered within a few minutes of Mitchell's arrival at the police station with the officers after he had been taken in custody by them at his home. And see Upshaw

v. United States, supra, 335 U.S. at page 413, 69 S.Ct. at page 171.

Affirmed.

WASHINGTON, Circuit Judge, concurs in the result.

2. We add that the evidence of guilt, while not conclusive in view of appellant's own testimony, was strong. In this situation the absence of objection at the trial to the admission of the evidence in question could well afford ground for disre-

garding the point. See Lawson v. United States, 101 U.S.App.D.C. 332, 248 F.2d 654.

3. 322 U.S. at page 70, 64 S.Ct. at page 898.