James N. WASHINGTON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13742.

United States Court of Appeals
District of Columbia Circuit.

Submitted May 16, 1958.

Decided June 26, 1958.

Mr. Nathan J. Paulson, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Oliver Gasch, United States Atty., Carl Belcher and Arthur J. Mc-Laughlin, Asst. U. S. Attys., Washington, D. C., were on the brief, submitted on the brief, for appellee. Messrs. Lewis Carroll, Asst. U. S. Atty., and E. Tillman Stirling, Asst. U. S. Atty., Washington, D. C., at the time record was filed, also entered appearances for appellee.

Before: REED, Associate Justice of the Supreme Court, retired,* and PRETTY-MAN and BURGER, Circuit Judges.

## PER CURIAM.

This is an appeal from the conviction of appellant in the District Court on an indictment in three counts charging violation of the narcotic laws.[1] The appellant was found guilty on the three counts, and sentenced to imprisonment on each count of from eight months to two years, the said terms to run consecutively.

Appellant, a layman, had counsel, appointed by the court at his trial. Counsel appointed in this court on appellant's request withdrew because no substantial reason for reversal appeared. Appellant himself then briefed his appeal. He raises questions as to the inconsistency of the evidence of the several witnesses and the refusal of the judge to hear argument on the motion for judgment of acquittal. The record has been examined and we find no sufficient ground for discussion or reversal as to those points.

A third ground for reversal is the admission of evidence of a confession of the prisoner between arrest and appearance before a magistrate. The arrest took place at about 12:05 a. m., and he was taken to Police Headquarters, Narcotics Squad. Shortly after arrival, the arresting officers asked him about the charge of selling narcotics. After some twenty minutes he admitted the sale and offered to disclose the identity of his vendor. No objection was made to the admission of his statement and there was uncontradicted evidence by police observers of the facts of the actual sale. The accused was promptly taken before a magistrate the following morning.

Under the circumstances of this case, we do not think there can be error in the admission of the appellant's statement to the police.[2]

A fourth ground is the Government's failure to produce at the trial the informer who had allegedly purchased the narcotics from appellant in view of police officers who did testify. There was evidence that the prosecution had made reasonable efforts to locate the absent witness and an adequate "absent witness" instruction was given to the effect that the jury might "draw the inference that the testimony of that witness would be unfavorable" to the Government unless the witness' absence was sufficiently explained.[3] These facts justify the jury's verdict.

The judgment of the District Court is affirmed.

---

* Sitting by designation pursuant to the provisions of Section 294(a) Title 28 U.S.Code, 28 U.S.C.A. § 294(a).

1. 21 U.S.C. § 174, 21 U.S.C.A. § 174, 26 U.S.C. § 4704(a), § 4705(a), 26 U.S.C.A. §§ 4704(a), 4705(a). These cover sales of unlawfully imported narcotics, sales without proper stamps and without an appropriate order.

2. Lawson v. United States, 101 U.S.App. D.C. 332, 248 F.2d 654; Blackshear v. United States, 102 U.S.App.D.C. 289, 252 F.2d 853; cf. Perry v. United States, 102 U.S.App.D.C. 315, 253 F.2d 337. See Porter v. United States, 103 U.S. App.D.C. 385, 258 F.2d 685. Gilliam v. United States, 103 U.S.App.D.C 181, 257 F.2d 185.

3. Dear Check Quong v. United States, 1947, 82 U.S.App.D.C. 8, 160 F.2d 251.