Richard X. **WILLIAMS**, Appellant,

v.

**UNITED STATES of America**, Appellee.

Misc. 1819 and No. 17186.

United States Court of Appeals District of Columbia Circuit.

Jan. 24, 1963.

Petition for Rehearing En Banc Denied En Banc June 28, 1963.

Miller, Danaher, Bastian and Burger, Circuit Judges, dissented.

Mr. George P. Lemm, Washington, D. C., (appointed by this court) for appellant.

Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, Asst. U. S. Atty., at the time the petition for rehearing en banc was filed, and Judah Best and Harold H. Titus, Jr., Asst. U. S. Attys., for appellee.

Before BAZELON, Chief Judge, and EDGERTON, WILBUR K. MILLER, FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER and WRIGHT, Circuit Judges, in Chambers.

## ORDER

PER CURIAM.

On reconsideration *sua sponte* by the court en banc of the petition for a rehearing en banc of the petition for leave to prosecute this appeal without prepayment of costs, it is

ORDERED by the court en banc that the order entered May 25, 1962, in Misc. No. 1819 by the court en banc denying the petition for rehearing en banc is hereby vacated, and appellant is hereby allowed to prosecute the appeal without prepayment of costs from this time on.

Statement of Chief Judge BAZELON: A division of this court denied petitioner leave to appeal in forma pauperis. And a petition for rehearing en banc was denied, over my dissent. Thereafter court-appointed counsel volunteered to pay the fees and costs of appeal and a division of the court allowed such payment to save the appeal.

This action, as the dissent herein concedes, implies that an appeal which is denied in forma pauperis as frivolous may nevertheless be allowed upon payment of fees and costs. I respectfully disagree. In my opinion it is unmistakably clear from Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), that access to the courts of appeals depends upon the existence of an issue not plainly frivolous; and that when the court determines that no such issue is presented, it cannot thereafter entertain the appeal upon the payment of fees and costs. It is because I think the instant case presents such an issue that I vote to grant leave to appeal in forma pauperis.

I would grant leave to appeal in forma pauperis as of the date of the request therefor, and order reimbursement for counsel's expenditures. For the purpose of providing a majority for decision, I join in the court's order today allowing the appeal in forma pauperis as of now, leaving open the question of reimbursement to counsel.

Circuit Judge EDGERTON has authorized me to say that he concurs in the above statement.

WILBUR K. MILLER, Circuit Judge (dissenting).

Pursuant to the verdict of a jury, the District Court on February 2, 1962, adjudged Richard X. Williams guilty of robbery and pronounced a sentence of imprisonment for not less than two years and not more than seven years. On February 14, 1962, Williams filed a *pro se* petition for leave to prosecute an appeal without prepayment of costs. He alleged the verdict to be contrary to the weight of the evidence; "that the prosecution did not prove beyond a reasonable doubt that the petitioner took from the immediate possession of the complainant the material as charged in the indictment;" he said the complainant's false and perjurious testimony constituted the insufficiency of the evidence; and he said that his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments had been violated.

On February 15, 1962, we appointed counsel to represent petitioner and allowed him 30 days within which to file a memorandum in support of the petition. On March 12 the appointed counsel moved that the time within which to file his memorandum be extended to and including April 15, 1962, and on March 19 this motion was granted. The memorandum in support of the petition for leave to appeal *in forma pauperis* was filed April 10, 1962. Counsel stated

therein that he had interviewed the defendant, the court reporters, the Assistant United States Attorney prosecuting the case, the defense attorneys and the Clerk, and added: "It appears that there were no material discrepancies in the recollections of all of the above as to what transpired at the trial."[1] I quote further from counsel's memorandum:

"5. The petitioner noted several items of error; but, in consultation with counsel appointed by this Court, he agreed that the following would be his assignments of error:

"a. The verdict was contrary to the weight of the evidence.

"b. The trial judge should have directed a verdict of not guilty; and

"c. Certain remarks of the trial judge were prejudicial.

"6. The facts of the case as disclosed by the evidence were as follows:

"Petitioner and two friends were walking down Seventh Street, Northwest, in the vicinity of N Street, and, according to the testimony of the complaining witness, she had just left the House of Prayer with other parishioners. She stated that petitioner 'bumped' into her and she caught his hand in her pocketbook. She said she wrestled with him but could not hold him, and that petitioner then ran with the crowd, who was chasing him. Petitioner was apprehended at the scene and his two friends came up and said that he didn't do anything. Although the complaining witness testified she lost her wallet, she stated that she never saw it in petitioner's hand, and petitioner did not have it on his person at the time of apprehension. Petitioner was found to have had more money on his person than the amount claimed to have been lost by the complainant. No other witnesses were produced by the government.

"Petitioner testified in his own behalf that he was walking down the Street with his two friends and that, when church was over, a woman in the crowd cried out that he was attempting to rob her. She grabbed him and he was hit twice by the people in the crowd. He testified that there were church guards around who were armed with firearms and that several people had knives. He claimed that he then ran to avoid being killed. His friends also testified to the same effect. On cross examination, petitioner was asked if he was the same one that had been convicted of a misdemeanor in the past. He stated that the government was trying to convict him on his record. At this point in the case, the trial judge asked the petitioner: 'Do you want to continue in this Courtroom while your case is going on? If you do, you demean yourself properly or you can retire.' The jury deliberated one and one half hours and brought back a verdict of guilty.

"7. Counsel joins with the petitioner in urging the above points in this Court as grounds for granting leave to prosecute his appeal *in forma pauperis.*"

The Government's opposition to the memorandum included the following:

"Petitioner contends that the evidence was insufficient to sustain the verdict, and that the trial judge's remarks constituted plain error. However, taking petitioner's version of the trial proceedings, it is clear, we submit, that both contentions are legally frivolous. The complaining witness was bumped by petitioner. The complaining witness caught petitioner's hand in her pocketbook; the witness wrestled with him, he broke free, and was only captured after a pursuit. The complaining witness testified that her wallet was missing from her pocketbook.

---

1. This statement and his factual recital gleaned from their recollections show that counsel did not need the transcript he later ordered.

**572**

Money was found on petitioner's person. This evidence plainly supports the jury's verdict of guilty of robbery. Accardo v. United States, 102 U.S.App.D.C. 4, 249 F.2d 519 (1957), cert. denied 356 U.S. 943 [78 S.Ct. 787, 2 L.Ed.2d 817] (1958); Wigfall v. United States, 97 U.S. App.D.C. 252, 230 F.2d 220 (1956). With regard to petitioner's other contention, that the trial judge's admonition constituted plain error, (see Memo, p. 6), we submit that on its face, it is lacking in merit."

The petition for leave to appeal *in forma pauperis* was denied April 26, 1962, by Judges DANAHER and BASTIAN.

This seems to me to have been correct because appellant's recital of facts showed the issues he presented were legally frivolous. The whole court agreed on May 25, 1962, when by the overwhelming vote of eight to one it denied appellant's lengthy *pro se* motion for rehearing *en banc* of his petition for leave to appeal *in forma pauperis*.

Appointed counsel for appellant then abandoned his effort to obtain leave to appeal at Government expense, and on June 8 filed a motion for an order extending the time for filing the record on appeal to July 25, 1962, in which he stated he was "willing to defray the costs of the appeal and the transcript out of his own pocket." This motion was denied by Judges DANAHER and BASTIAN without prejudice to the docketing of the appeal on a preliminary record and the filing of a motion to extend the time for filing the complete record, after payment to the Clerk of the District Court of the usual filing fee.[2]

Pursuant to their order, the notice of appeal was filed with the District Court, the fee of $5.00 was paid, a preliminary record was certified to this court, and a

motion was filed here for an extension of time within which to file the record on appeal. This court extended the time to and including August 16, 1962. The record was filed August 13 and on August 16 appellant filed in this court a statement that he intended to rely on the following points on appeal:

"1. The verdict was contrary to the weight of evidence and was based on speculation and surmise.

"2. The trial judge should have directed a verdict for appellant instead of permitting the jury to speculate.

"3. A statement of the trial judge in the presence of the jury was prejudicial to the defendant."

On September 14, 1962, appellant's motion for an extension of time to September 28 to file his brief was granted, and on October 8 the time was again extended and appellant's brief was filed that day.

Chief Judge BAZELON and Judge WASHINGTON and I heard oral argument on the merits on November 28, 1962. I thought, and still think, the appeal is frivolous; but the other two judges, over my protest, decided to postpone consideration of the case because a majority of the whole court had already voted *sua sponte*, without hearing argument and without conference, to reverse the *en banc* denial of leave to appeal *in forma pauperis*. A conference has since been held, pursuant to which the foregoing order is being entered.

Thus, on January 24, 1963, after this paid appeal has been briefed and orally argued before a division, so that nothing remains except consideration and decision, a majority of the full court has voted *sua sponte* to vacate the eight-to-one *en banc* denial of leave to appeal *in forma pauperis* entered May 25, 1962, and now to grant such leave. This action can-

---

2. This court has consistently held that a petition for leave to appeal *in forma pauperis* is equivalent to a notice of appeal. It follows that, when such a petition is denied, it still serves as a notice of appeal which can be perfected by pay-

ment of filing fees and the taking of other necessary steps. Thus, Williams had the right to proceed as he did and the right could not be denied. It is therefore not a situation in which a free appeal was denied but a paid appeal was allowed.

not destroy the fact that the appeal was taken months ago through the payment of the required fees, and I do not believe it can properly result in the refund of sums voluntarily paid by appointed counsel. Whatever the purpose of the present order, I think it is wholly unwarranted. It is in effect a ruling that appellant's *pro se* petition for leave to appeal *in forma pauperis*, appointed counsel's memorandum in support thereof, and the transcript of the evidence [3] show that a non-frivolous issue was presented. I disagree, most emphatically.

In his brief, appellant listed his points on appeal as follows:

"1. It was error to refuse to direct a verdict of judgment of acquittal [*sic*].

"2. The verdict was contrary to the weight of the evidence."

Thus he apparently abandoned this third point on appeal which he had previously noted:

"3. A statement of the trial judge in the presence of the jury was prejudicial to the defendant."

None of these three points presents a non-frivolous issue. The victim testified she saw appellant's hand in her pocketbook, that she tried to hold him but he broke away and fled from the scene, and that she noticed immediately thereafter that her wallet was gone. This evidence, despite appellant's denial and the fact that the wallet was not found (he had ample opportunity to dispose of it) justified submitting the case to the jury and amply supported the verdict of guilty. It would have been grave error to direct a verdict of acquittal in these circumstances. The appellant is simply complaining because the jury did not agree with him; he is arguing that twelve jurors, who saw and heard all the witnesses, believed the wrong ones. I suggest the issues presented on appeal were clearly frivolous precisely in the sense contemplated by the Coppedge standard and that the court errs in now saying, by allowing the appeal *in forma pauperis*, that a non-frivolous issue was presented.

I am authorized to say that Judges DANAHER, BASTIAN and BURGER concur in this dissent.