**Richard E. LEIGH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18025.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 19, 1963.

Decided Jan. 30, 1964.

Petition for Rehearing en Banc Denied April 3, 1964.

884

⬥

Mr. Maurice M. Jansky, Washington, D. C. (appointed by this court), for appellant.

Mr. Anthony A. Lapham, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was charged with four counts of forgery and four counts of uttering, in an eight-count indictment.

He was found guilty and sentenced to a term of from three to nine years imprisonment, the sentences on each count to run concurrently. We reversed. Leigh v. United States, 113 U.S.App.D. C. 390, 308 F.2d 345 (1962).

Appellant was again brought to trial and, at the second trial, the Government sought to dismiss two counts of the indictment because one of its witnesses was not available. It appeared, however, that the Assistant United States Attorney, in his opening statement, had referred to "eight counts." Appellant's counsel, after consultation with his client, moved that a mistrial be granted because of the possible prejudice resulting from the fact that the jury knew there had been eight counts in the indictment. The motion was granted. Thereafter, appellant was brought to trial on the remaining six counts of the indictment and was convicted.

On this appeal, appellant urges this court to order his release from custody on the ground that he had been placed twice in jeopardy, in violation of the Fifth Amendment. Clearly there was here no "harassment" as in situations considered in Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L. Ed.2d 100 (1963). There the jury was discharged over the defendant's objection.

It has long been held that a defendant cannot plead former jeopardy where the jury before whom he was first on trial was discharged on his own motion or with his consent. Barrett v. Bigger, 57 App.D.C. 81, 17 F.2d 669 (1927). Accordingly, this assignment of error must be denied.

We have examined the other errors assigned by appellant and find them without merit.

Affirmed.

WRIGHT, Circuit Judge (concurring in the result):

This case involves the forging and uttering of three small checks. The defendant has already served over two

years in jail awaiting disposition of these charges, and the time served will not be credited against his sentence of 20 months to five years.[1]

Leigh was taken into custody by District of Columbia police in Fairfax, Virginia. Instead of being brought before "the nearest available commissioner" for instruction as to his constitutional rights as required by Rule 40(a), F.R. Cr.P., he was taken to the District of Columbia police headquarters, where he was questioned for over an hour and, according to his testimony, forced to give the police samples of his handwriting, including signing the alleged forged signature on a sample check. The police testified that the defendant complied voluntarily with their instructions, and the District Court denied defendant's motion to suppress. Photographs of the handwriting samples and the sample check were received in evidence.

The actions of the police in failing to comply with Rule 40(a) resulted in the typical situation which the Supreme Court, in its McNabb-Mallory[2] line of cases, sought to eliminate. Instead of the nearest commissioner for his instructions, Leigh was "taken to police headquarters in order to carry out a process of inquiry that len[t] itself, even if not so designed, to eliciting" evidence from the defendant of his guilt. Mallory v. United States, supra Note 2, 354 U.S. at 454, 77 S.Ct. at 1359, 1 L.Ed.2d 1479. Inevitably where this occurs, charges of compulsion are leveled at the police on trial of the case. Since the defendant, as here, is usually alone at the time, his charges are no match for the denials of the police, and the challenged evidence is usually admitted, as it was here. McNabb and Mallory were aimed at eliminating, so far as possible, this swearing contest[3] between the defendant and the police as to the voluntariness of the abstracted evidence by denying to the prosecution the use of the evidence where it was obtained while the defendant was still in police custody uninstructed as to his rights. Muschette v. United States, 116 U.S.App.D.C. 239, 322 F.2d 989, 992–993 (1963) (dissenting opinion).

Here we have an obvious Mallory violation. But the Mallory objection to the evidence was not made below, and ordinarily this court is not required to note this objection where made for the first time on appeal. White v. United States, 114 U.S.App.D.C. 238, 240, 314 F.2d 243, 245 (1962); Williams v. United States, 113 U.S.App.D.C. 399, 308 F.2d 652 (1962); Blackshear v. United States, 102 U.S.App.D.C. 289, 252 F.2d 853 (1958). See Lawson v. United States, 101 U.S.App.D.C. 332, 248 F.2d 654 (1957). In view of these opinions, it may be that a defendant is denied effective assistance of counsel where, in a proper case, the Mallory objection is not timely made. Compare People v. Ibarra, 34 Cal.Rptr. 863, 386 P.2d 487 (1963). The issue of ineffective assistance of counsel, however, was neither raised nor briefed, so in this case we are in no position adequately to consider it.

1. Under the circumstances, the trial judge may find that an invocation of Rule 35, F.R.Cr.P., is indicated.

2. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608 (1943); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

3. Not since the Middle Ages have courts relied on a "trial by oaths" in criminal prosecutions. See 1 Stephen, History of the Criminal Law of England 72 (1883). In those days, a court might value the oath of one man above another because of his higher status. Id. at 72 n. 1. But in modern situations about which satisfactory evidence is hard to come by—such as what happens in the privacy of police interrogation rooms— courts cannot merely accept the policeman's oath over the accused's. The McNabb-Mallory doctrine provides a just resolution to this problem.