STATE of Missouri, Respondent,

v.

Ervin King COSTELLO, Appellant.

No. 52324.

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Clyde Burch, Sp. Asst. Atty. Gen., Kirksville, for respondent.

Richard Daly, Robert J. O'Hanlon, St. Louis, for appellant.

HOLMAN, Presiding Judge.

Defendant was charged with the offense of robbery in the first degree. See §§ 560.-120 and 560.135 (statutory references are to RSMo 1959, V.A.M.S.). It was also alleged and proved that defendant had been convicted of four prior felonies. See § 556.280. The jury found defendant guilty of the offense charged and the court fixed his punishment at imprisonment for a term of five years. He has duly appealed from the ensuing judgment.

Defendant was charged with taking $1.00 and a television set from Mrs. Clara Banks on January 26, 1966. The evidence showed that Mrs. Banks, who was 77 years old, was ·ₙ her living room watching television at about 7:30 p. m. on the date in question. Someone knocked on the door and upon Mrs. Banks' inquiry stated that he was a policeman. When she opened the door the man (later identified as defendant) rushed into her apartment with the announcement that he was looking for a prowler. After going through each room several times he came back into the living room, put both fists near her face, demanded money, and when she replied that she had none he said, "Yes you do, I'll kill you." Mrs. Banks further testified that defendant then took $1.00 from her purse, which was the only money she had, and made her go into the bathroom; that when she came out four or five minutes later, defendant was gone and her portable television set was missing; that she immediately called the police; that the next morning, on her way to the grocery store, she saw defendant emptying garbage into a garbage can at the rear of a nearby apartment building; that she went back to her home and called the police and reported defendant's whereabouts; that after he was arrested she identified him in a lineup at the police station. Mrs. Banks also identified defendant, a young Negro, at the trial.

Defendant did not testify or offer any other evidence at the trial.

■ The first point briefed is that the court erred in refusing to give Instruction A (offered by defendant) which reads as follows:

"The law does not impose upon a defendant the duty of producing evidence on any issue and a defendant has a right to rely upon a failure of the prosecution to establish beyond a reasonable doubt any essential element of the offenses charged, if such failure in fact be found by the jury."

The only case cited by defendant in support of that contention is State v. Engberg, Mo.Sup., 377 S.W.2d 282, which contains an excellent discussion as to the necessity of giving converse instructions that may be offered by a defendant. We do not think that case has any application here because Instruction "A" is not a true converse

instruction. It would appear to be more correctly classified as a cautionary instruction.

We have not been able to find any case decided by this court which has considered the propriety or necessity of giving an instruction such as "A." The closest analogy we have found are the cases wherein we have held that the court did not err in refusing to give a cautionary instruction requested by defendant relating to defendant's failure to testify. See State v. Perkins, Mo.Sup., 382 S.W.2d 701 [10], and State v. Barker, Mo.Sup., 399 S.W.2d 1 [2]. More closely relating to the question, however, is the following: "It has been held proper to refuse an instruction that the failure of accused to call available evidence is not to be considered against him; and where the jury were fully instructed as to the burden of proof on the prosecution, the court may properly refuse to give a requested instruction that it was not the duty of accused to make any defense." 23A C.J.S. Criminal Law § 1266, p. 655. See also the case of State v. Coburn, 122 Vt. 102, 165 A.2d 349, wherein it was held that the court did not err in failing to give an instruction to the effect that the defendant had "no duty whatever to produce any witness on (or?) any evidence as the burden of proof in a criminal case is entirely on the State," and the case of Lawson v. United States, 101 U.S.App. D.C. 332, 248 F.2d 654, which holds that the court did not err in refusing a requested instruction that it was not the duty of defendant to make any defense. In view of the authorities cited, we rule this contention against defendant.

The remaining contention of defendant is that the court erred in overruling his objections (and motions for a mistrial) to the circuit attorney's repeated statements in argument that the testimony of prosecutrix was "uncontradicted, undisputed and undenied, for the reason that such arguments were comments on defendant's failure to testify." The transcript discloses that on four occasions during the argument of the assistant circuit attorney statements were made to the effect that no evidence was offered by defendant and that there was nothing in the evidence to rebut the testimony of prosecutrix. On each of those occasions the defendant's attorney made (and the court overruled) the following objection: "Mr. Daly: Object to that, ask it be stricken and the jury be instructed to disregard it and a mistrial be declared."

■ Relying on State v. Shuls, 329 Mo. 245, 44 S.W.2d 94, defendant contends that since the evidence indicated that only prosecutrix and defendant were present at the time of the alleged robbery the argument that the testimony of prosecutrix was uncontradicted was an indirect reference to the fact that defendant did not testify. In a number of cases this court has held that arguments similar to those involved herein did not violate the provisions of § 546.270 and S.Ct. Rule 26.08, V.A.M.R. See State v. Dunlap, Mo.Sup., 408 S.W.2d 4, and the cases discussed therein. However, since the argument was repeated several times in the case at bar we consider it appropriate to refer to the caveat in State v. Varner, Mo.Sup., 329 S.W.2d 623, 633, to the effect that those cases "do not necessarily mean that state's attorneys are licensed to hazard those borderline arguments with impunity."

■ We have concluded that we will not rule the instant contention on its merits because it has not been properly preserved for review. As shown by the one heretofore quoted, the defendant did not at any time indicate in his objections any reason therefor. We can readily understand that defendant's attorney would not want to plainly state in the hearing of the jury that he was objecting on the ground that the argument was a reference to defendant's failure to testify. He could have objected, however, out of the hearing of the jury, or could have made some statement even within the hearing of the jury which, by innuendo, would have apprised the court as to his reason for objecting. See

State v. Shuls, supra. We realize that the trial judge may have correctly assumed the reason the defendant's attorney had in his mind, but we cannot announce a rule of law approving general objections to statements in argument on the theory that the judge will always understand the undisclosed reason the attorney may have in his mind. In the case of State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22, 32, we ruled a similar contention by saying that "[t]he objection interposed, not stating the grounds upon which the remarks were objectionable, was insufficient. State v. Allison, (Mo.Sup.), 300 S.W. 1069, 1071 [8], and cases cited; State v. Hulbert, (Mo.Sup.), 228 S.W. 499, 502 [7]; State v. White, 299 Mo. 599, 612(b), 253 S.W. 724, 728 [11]; State v. Napoli, Mo.Sup., 44 S.W.2d 55, 56 [3]." This point is accordingly overruled.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.