347 So.2d 733 (1977)
Edward MERCER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-230, 76-1105.
District Court of Appeal of Florida, Fourth District.
June 17, 1977.
*734 Richard L. Jorandby, Public Defender, Frank B. Kessler and Tatjana Ostapoff, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
The sole question we deem necessary to discuss on these consolidated appeals has to do with the sufficiency of the evidence to demonstrate an overt act so as to prove the charge of attempted robbery.
The key testimony against appellant, Mercer, came from Henson, an employee of a gasoline station. Henson testified that Mercer had been a customer at the gasoline service station for some months. On several occasions prior to September 21, 1975, Mercer had discussed with him the operation of the gas station, including the handling of the money and the shift transition in the morning. Mercer also learned that the manager had the only key to the safe. On the night of September 21, 1975, Mercer stopped in the station and talked to Henson. He sought to enlist Henson's help in robbing the station the following day. Henson refused, and Mercer left, but not before telling Henson: he was going to rob the station about 8:30 the next morning; he would have a machine gun; and he would shoot anyone who got in his way. Right on time the next day Mercer and another man drove into the station at 8:30 a.m. Mercer asked if the manager was there. Henson replied that he was not, and Mercer advised Henson he and his companion would return at 9:30 a.m.
Although Mercer had mentioned the possibility of robbing the station before September 21, 1975, Henson had not taken him seriously. However, after Mercer departed at 8:30 on September 21st, Henson called the manager of the station and advised him of the threatened robbery and the manager notified the police. Shortly thereafter a deputy sheriff arrived at the station and interviewed Henson. During the interview, the deputy saw Mercer's car cruise by the station. The deputy pursued the car and stopped it several miles away where a frisk of the occupants revealed two live shotgun shells in Mercer's pocket. A search of the car revealed a sawed off shotgun and a shaving kit that contained gloves, binoculars, shoelaces, a rubber band, a knife, and a woman's stocking which was knotted on the end.
Mercer attacks his conviction of attempted robbery on the ground that the court erred in not granting a judgment of acquittal because the evidence did not show any overt act in furtherance of the robbery. As this court stated in Cooper v. Wainwright, 308 So.2d 182, 184-185 (Fla. 4th DCA 1975)
"... the crime of attempted robbery requires the formation of an intention to commit the crime of robbery and the doing of some physical act intended to accomplish the commission of the crime ... On the issue of criminal intent the jury may consider the accused's conduct before, during and after the alleged attempt, along with any other relevant circumstances."
The overt act necessary to fulfill the requirements of attempted robbery, or an attempt to commit a crime, must be adapted to effect the intent to commit the crime; it must be carried beyond mere preparation, but it must fall short of executing the ultimate design. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967).
Applying those principles to the facts of this case, had Mercer been apprehended *735 on September 21, 1975, at his home while loading the shot gun into his car just prior to leaving for the gas station, we suppose everyone would agree he was involved at most in preparation, and such preparation does not reach the level of an attempt. However, given the backdrop of the previous night's threat, when Mercer drove into the station at 8:30 a.m. and inquired if the manager was there, we believe the jury could properly find that the announced scheme to rob the station had matured to the point where it met the minimum standards necessary to constitute an attempt to commit a robbery. The robbery failed for want of a manager! Henson evinced no doubt as to Mercer's purpose in being there that morning. He testified: "At 8:30. They were going to do it right then if the manager had been there." In the face of Mercer's announced intention the night before to rob the station the next morning at 8:30 a.m.; his arrival at the appointed time; his inquiry as to the manager's presence should lead all but the most naive to conclude that he was there to separate the station's operators from their money.
With regard to the overt act necessary to constitute an attempt, the case at bar is not unlike the case of People v. Moran, 18 Cal. App. 209, 122 P. 969 (1912). There the appellant was found guilty of an attempt to commit robbery. The thrust of his appeal was that the evidence showed only acts of preparation; it failed to demonstrate any overt act toward the commission of a robbery. The court held that:
"The evidence tends to show that either appellant or his codefendant, at between 1 and 2 o'clock in the morning, pushed open the swinging doors of a saloon situate on Kentucky street, thrust his head within, and seeing that there were about 12 men in the saloon, withdrew and crossed the street and joined his codefendant. The two men walked away, but were immediately followed by an officer to whom they had been pointed out. The defendants were followed by the officer for about two blocks, when they took refuge in a lumber yard, where, after a search of five or six minutes, they were found by the officer hiding behind a pile of lumber. Each defendant wore around his neck a handkerchief, with holes so fashioned that it might serve as a mask to conceal the features. Appellant had upon his person a loaded pistol. His companion had upon his person cartridges, and a pistol was shortly afterwards found, by a second officer, concealed where defendants were apprehended.
* * * * * *
"The facts in evidence were ample to justify the conclusion that the person who pushed open the saloon door did so for the purpose and with the intent to enter the saloon, and with force and violence feloniously take from the possession of the inmates such money as they might have upon them. The pushing open the door and the partial entry through the same were overt acts that went beyond mere acts of preparation. They were such overt acts as amounted to an attempt to commit the intended crime within the doctrine laid down in People v. Stites, 75 Cal. 570, 17 P. 693. The large number of persons in the saloon prevented the consummation of the robbery."
The other point on appeal, which concerns the propriety of the order denying appellant's motion to suppress evidence, is without merit. Accordingly, we hold that there is adequate evidence in the record to support the denial of appellant's motion for judgment of acquittal and to support the judgment and sentence appealed from.
AFFIRMED.
MAGER, C.J., and LETTS, J., concur.