ADKINS, Justice,
dissenting.
Petitioner, Edward Mercer, seeks a Writ of Habeas Corpus allowing him to petition this court for a Writ of Certiorari to the Fourth District Court of Appeal to review its decision in Mercer v. State, 347 So.2d 733 (Fla. 4th DCA 1977). Mercer alleges that the public defender did not tell him his appeal to the Fourth District Court of Appeal had been lost or inform him of his ability to petition this court for a Writ of Certiorari until more than thirty days after the district court’s opinion was filed. The state has filed a Return to the Writ and does not dispute Mercer’s factual allegations.
A Petition for Writ of Certiorari to review a district court of appeal’s decision must be filed within thirty days of the decision’s rendition. Fla.App.R. 4.5(c). Consequently, by the time Mercer learned of his appeal’s failure and his opportunity to petition this court for a Writ of Certiora-ri, the time during which he could file his petition had passed. Although there is no right to review by writ of certiorari from this court nor a right to state supplied legal assistance in seeking a writ, Hooks v. State, 253 So.2d 424 (Fla.1971), there is an absolute right to petition, in compliance with the rules, for a writ and to have this court consider the petition. Our state constitution’s guarantee of access to the courts, Article I, Section 21, Florida Constitution, demands no less. And since the state has a right to petition for a writ of certiorari, State v. Harris, 136 So.2d 633 (Fla.1962), the due process guaranteed by the Florida Constitution, Article I, Section 9, Florida Constitution, and the United States Constitution, U.S.Const. Amend. XIV, § 1, would be withheld if a defendant did not have an equivalent right.
This right, so important that it is provided for in our constitution, is a property which the state may not take without due process of law. See also: Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), (Justice Stewart’s reasoning only addresses federally guaranteed due process, but it is as soundly applied to state guarantees.) Here the State of Florida, through the public defender’s inaction, has deprived Mercer of his right to petition this court without the due process guaranteed by Article I, Section 9 of the Florida Constitution and the Fourteenth Amendment of the United States Constitution. See also: Baggett v. Wainwright, 229 So.2d 239 (Fla.1969) and Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967). (Although dealing with federal constitutional rights, the rationales are equally applicable to state constitutional rights.) To remedy this deprivation we should grant Mercer permission to file with this court a Petition for Writ of Certiorari.