**STATE of Missouri, Respondent,**

v.

**James JONES, Appellant.**

**No. 44947.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Joseph W. Downey, Public Defender, Christelle Adelman Adler, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The state doubly charged defendant James Jones with armed robbery of two victims who were the only two customers in a small tavern. Pursuant to guilty verdicts the court sentenced defendant to concurrent 15 years in prison, consecutive to defendant's thirty-year sentence in another case.

The state's evidence: Victims James Kelly and Mary Taylor testified defendant Jones and an unidentified companion entered the tavern. Jones was partly covered by a pillow case and carried a rifle; on his command the victims lay on the floor. The two men talked. One put his foot on Mr. Kelly, held the gun against him, and took his wallet and ring. Miss Taylor was similarly robbed of two rings; when the two men left, her purse was missing from the bar. The barmaid confirmed the robbery but could describe neither robber.

Police came quickly and took the victims' statements. Nine days later they arrested defendant; Miss Taylor identified him. When arrested defendant was carrying over

twenty stolen items, identified by the two victims. Later, at trial, each victim identified defendant as one of the two robbers.

Defendant presented no evidence.

█ Here, defendant challenges the victims' identification, pointing to their seeing him only for a few seconds before the robbery. He also challenges the sufficiency of the evidence of his possession of their property so long after the robbery—nine days.

As to identification defendant cites *Gilpin v. Pitman,* 577 S.W.2d 72 [10, 11] (Mo.App. 1978), holding identification insufficient when admittedly a mere guess. That is not so here.

The weight of evidence is a jury, not a judicial, function. *State v. McNeal,* 539 S.W.2d 722 [9] (Mo.App.1976). For discussion of the jury role in deciding factual issues see *State v. Longmeyer,* 566 S.W.2d 496 [1–8] (Mo.App.1978).

We deny defendant's challenge to identification testimony and consider his complaint about possession of the stolen goods. He contends his remote possession does not permit an inference of guilt. He cites no persuasive authority.

█ It is basic that evidence of recent possession of stolen goods is admissable. *State v. Reagan,* 328 S.W.2d 26 [6, 7] (Mo. 1959). What is meant by 'recent possession' may vary from a few days to many months. *State v. Oliver,* 355 Mo. 173, 195 S.W.2d 484 [2–5] (Mo.1946). In that case stolen property was properly admitted when found in defendant's possession three months after being stolen. Later, we held in *State v. Whaley,* 512 S.W.2d 431 [2] (Mo.App.1974) the state properly showed defendant's possession of stolen checks 8 to 10 weeks after the theft.

We deny defendant's evidentiary challenge and look to his last point. He claims the trial court erred in denying his objection to closing argument. Thereby defendant objected to the prosecutor's repeated argument that each element of the state's case was "uncontradicted". Defendant now argues that "misrepresented the state's burden of proof".

Defendant relies on *State v. Costello,* 415 S.W.2d 816 (Mo.1967). That court's indefinite criticism of the state's jury argument was obiter, and not ruled on because not preserved for review.

█ Here, as in *State v. Jones,* 491 S.W.2d 271 [4] (Mo.1973), "[w]hat the prosecutor told the jury was that the State's evidence was without contradiction. That comment is permissible under the circumstances." And, as held in *State v. Reynolds,* 608 S.W.2d 422 [4] (Mo.1980), the trial court has wide discretion in controlling closing argument and abuse thereof occurs only when the argument is plainly unwarranted. Here the challenged argument did not rise to that level.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.