**Jack RUFFIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14842.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 19, 1959.

Decided June 11, 1959.

Certiorari Denied Oct. 19, 1959.
See 80 S.Ct. 129.

Mr. Frederic P. Lee, Washington, D. C., with whom Mr. Floyd F. Toomey, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction of manslaughter [§ 22–2405, D.C.Code (1951)] and assault with a dangerous weapon [§ 22–502, D.C.Code (1951)]. Appellant urges three errors on this appeal.

■ First, appellant urges that the admission of a statement made by him at police headquarters one hour after arrest, in the presence of police officers and two accusers, was prejudicial in that the sole purpose of the confrontation was to elicit a confession rather than for the purpose of identification. The statement involved was not introduced in the government's case in chief but was brought out in rebuttal after appellant's attorney, on cross examination of a prosecution witness, delved into the chain of events occurring at police headquarters on the evening of appellant's arrest. However, since no objection was made to the introduction of this evidence at the trial, we are not required here to rule on its admissibility.[1] Nor, after the examination of the entire record, do we feel it incumbent upon us to reach that question under our discretionary authority.[2]

■ Secondly, appellant urges that an instruction on self-defense was improper, claiming that self-defense was not an issue in the case. An examination of the record clearly shows that such a defense was in fact raised. In the course of the trial, counsel for appellant requested a bench conference, at which time he stated:

"The defense is self-defense, your Honor * * *.

*    *    *    *    *    *

"I don't think this particular line of questioning is beyond the scope, if your Honor please. I will ask you to put the question directly if your Honor feels it would expedite the matter. I feel it is entirely admissible because self-defense is a proper defense, and we can show the reputation for violence, disorderly conduct."

Further, no objection to the instruction was raised at trial. In material part, Fed.R.Crim.P. 30, 18 U.S.C.A., reads as follows:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection * * *."

Since appellant failed to raise objection at the trial, he is precluded from so doing now; and we find it unnecessary to reach this question under our discretionary authority.[3]

■ Finally, appellant urges that the trial court erred in failing to give a requested instruction involving equal hypotheses of guilt and of innocence. Prior

1. Gilliam v. United States, 1958, 103 U.S. App.D.C. 181, 257 F.2d 185; certiorari denied, 1959, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680; Lawson v. United States, 1957, 101 U.S.App.D.C. 332, 248 F.2d 654, certiorari denied, 1958, 355 U.S. 963, 78 S.Ct. 552, 2 L.Ed.2d 537.

2. Fed.R.Crim.P. 52(b): "Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

3. Ibid.

**546**

to the charge to the jury, the court had refused to give this instruction, stating that it would "cover the idea," which in effect was done in the court's instruction on burden of proof and reasonable doubt. Under the circumstances of this case, the requested instruction would have led to confusion in the minds of the jurors, and its denial was therefore proper.

The conviction is

Affirmed.