**Clifton C. JOHNSON, Appellant**

v.

**UNITED STATES of America,**
Appellee.

**No. 15888.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1960.

Decided April 27, 1961.

Mr. Morton E. Yohalem, Washington, D. C. (appointed by this court), for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

An armed robbery of a liquor store occurred in the District on December 21,

1957 at approximately 11:50 P.M. Prior to that time, the police had been investigating a series of robberies in the same vicinity, and had questioned an informant with respect to those robberies. Shortly after the robbery of the 21st, the informant reported that Johnson and one Steptoe had been involved in some robberies in that area. The officer who received this information related it to another officer at the precinct station who knew Johnson and Steptoe and gave a description which matched the identification made by the victims of the robbery. On the basis of this information, Johnson was arrested at approximately 2:00 A.M., December 22. Steptoe and a third defendant, McCalip, were arrested at approximately 6:00 A.M., December 22, at the home of Steptoe's wife. A search at the time of Steptoe's arrest produced a wallet containing $234 hidden in a baby's crib. At 1:30 P.M. on December 22, Steptoe admitted participation in the robbery and implicated Johnson, McCalip and one Gladden. At approximately the same time, the police received additional information from the informant, this time implicating Gladden. Gladden was arrested early in the morning of December 23, and he immediately confessed implicating Johnson, McCalip and Steptoe, and stated that the gun used in the robbery was in Johnson's house. The police proceeded to Johnsons' house, where they were allowed entry by Johnson's mother. They discovered the gun under the floor where Gladden had said it was hidden.

The gun was admitted in evidence at the trial. Steptoe's confession was rejected under Rule 5(a), Fed.R.Crim.P. After a lengthy hearing, the court ruled that the $234 was seized as incident to a valid arrest and that Gladden's confession was admissible. Prosecution testimony showed that Gladden's statement was reduced to writing and read to Johnson, Steptoe and McCalip. Johnson and Steptoe acknowledged the correctness of the statement, but McCalip denied that it was correct as to him. The jury was charged that the Gladden statement could

be considered with respect to all defendants whom the jury believed had acquiesced in it. All four defendants were found guilty.

The issues presented by this appeal are:

(1) Was the $234 properly received in evidence?

(2) Was the gun properly received in evidence?

(3) Was the defendant's adoption and affirmance of the contents of Gladden's confession properly admitted?

■ On co-defendant Steptoe's appeal, Steptoe v. United States, 1960, 108 U.S. App.D.C. 93, 280 F.2d 641, the admissibility of the $234 was in issue. Since the court found no error in its admission as to Steptoe, it must have agreed with the trial judge that this money was seized incident to a valid arrest and we are bound by that holding on this point unless Steptoe's situation can be distinguished factually or legally from Johnson's. We think it cannot be distinguished.

■ With respect to the claim that the gun found at Johnson's home should have been excluded, we note that the only objection at trial was to the admission of any evidence acquired as a result of "the arrest without a warrant and without * * * probable cause." Since the gun was not seized at the time of Johnson's arrest, the circumstances of his arrest are irrelevant to the admissibility of the gun.

■ On this appeal, however, Johnson contends that the gun should have been excluded as the fruit of an unlawful search of his home. But Johnson did not object to the admission of the gun and indeed the trial judge specifically noted that during the hearing on the motion to suppress evidence, no reference to the gun or its seizure was made. When the gun was later offered in evidence, defendant's counsel stated that he had "no objection * * * to the extent that these are admissible as being the gun taken from Defendant Johnson's home,"

and led the trial judge to believe that he was waiving all objections save that the gun was not the one used in the robbery.

It should be noted that this was a lengthy trial of four defendants, in which the victims of the robbery identified defendant Johnson. The gun as an element of the evidence against Johnson, while important, was cumulative. Absent objection, there appears to be no reason to disturb the judgment on the ground of illegal search and seizure. Cf. Segurola v. United States, 1927, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186.

Objection was made to the admission in evidence of Gladden's confession on the ground of the Mallory rule,[1] but the trial judge ruled that this statement, made shortly after arrest, was admissible. Gladden's petition to appeal in forma pauperis having been denied by this court, Gladden v. United States, Misc. No. 1457, D.C.Cir., Aug. 30, 1960, this contention has already been considered and rejected by the court.

Three different witnesses testified that defendant Johnson acknowledged the correctness of Gladden's confession, which identified Johnson as a participant. Johnson's acknowledgment was made some thirty hours after arrest and prior to the preliminary hearing and appellant now urges that the admission of this evidence violates the Mallory rule. Although testimony to Johnson's adoption of Gladden's confession occurred three times in the course of the trial, at no time was there objection to its admission. The only challenge was on the ground that Johnson did not in fact acknowledge it. That factual question was left to the jury. Since the incriminating acknowledgment of his participation was never challenged at the trial, this court in the circumstances shown here need not consider the question. Cf. Gilliam v. United States, 1958, 103 U.S.App.D.C. 181, 257 F.2d 185, certiorari denied 1959, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680; Blackshear v. United States, 1958, 102 U.S. App.D.C. 289, 252 F.2d 853, certiorari denied 1959, 359 U.S. 1004, 79 S.Ct. 1144, 3 L.Ed.2d 1033.

We have considered appellant's other contentions but find no error.

Affirmed.

BAZELON, Circuit Judge, concurs in the result only.

1. Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.