George **WILLIAMS**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16793.

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1962.

Decided May 4, 1962.

Mr. Alvin Friedman, Washington, D. C., with whom Mr. Nestor S. Foley, Washington, D. C. (both appointed by this court), was on the brief for appellant.

Mr. William H. Collins, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee. Mr. Judah Best, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

A jury found appellant guilty of assault with a dangerous weapon, larceny and assault with intent to kill, but acquitted him on two other counts not now material. It is urged on this appeal that certain statements by the appellant to the police were improperly received in evidence against him because they had been made during a period of unreasonable delay before preliminary examination by the Commissioner. For like reason, appellant also contends that a statement to a store owner made by the accused after he had been taken to the scene of the crime should not have been admitted.

The burglar alarm at National Coin Company sounded during the early morning hours of March 6, 1961 just as Detective Perkoski was driving by. He testified that he saw the appellant come from behind a screen door at the premises and thereupon arrested him. The officer marched the prisoner to a call box from which he sent for the police patrol. Appellant thereupon attacked the officer, struck him in the eye and knocked him down. The prisoner seized the officer's service revolver, pointed it at the prone officer, and said "Come on if you want it; come on and get it."

Perceiving the approach of Sgt. Young, Detective Perkoski warned Young that the prisoner had Perkoski's revolver, whereupon Williams commenced to run, pursued by Sgt. Young. Williams pointed the revolver at Sgt. Young and fired

one shot. Young returned the fire, but Williams escaped.

Within a few minutes after service of a warrant for the arrest of Williams, he was brought to the Safe Squad at police headquarters about 10:30 A.M., March 6, 1961. Detective Hudlow warned Williams that anything he might say could be used against him. Without objection, it was testified that Williams told the detective, during the next thirty minutes, that he had gone to the National Coin Company's place of business for the purpose of breaking in; while he was attempting to do so, a plate glass window was broken, the burglar alarm was sounded and he was apprehended as he attempted to leave the scene. Officer Hudlow testified further that Williams said he saw he had a chance to strike the officer, that he did so and thereupon seized the police revolver. Williams stated that he had been drinking and had no knowledge that he had fired at Sgt. Young, but he was sobered up as he realized that he had been shot at. He turned into a hallway in a house where his sister lived, ran out on a balcony, dropped to the ground, and then made his way to another house where he hid under the porch. He threw the gun away and went to the home of another sister.

The various police officer witnesses were not cross-examined.

Taking the stand in his own behalf, appellant denied all charges, denied that he had made any inculpatory statements to the police, and offered by way of alibi, that he had not been in the neighborhood as described by the police.

He testified that when he was placed under arrest he told the officers that they had the wrong man, but they took him to police headquarters. He testified that when confronted by Sgt. Young he said "No, Man, if I had the gun, why I want to try to shoot you when I can run just as good?"; that the police "been beating on me"; that they had several confessions drawn up but that he would not put his name on a paper for something he did not

do. Williams admitted to various prior criminal convictions for armed robbery, petty larceny and unlawful entry.

When Officer Hudlow was testifying as a rebuttal witness, it developed that Williams had been taken back to the premises of the National Coin Company and that he had there told the man in charge "I tried to break into your company last night."

Trial counsel, asked if he had prayers to submit, replied in the negative. The Government requested an instruction on the "voluntariness" of the statement by the accused, but upon objection by defense counsel, the Government's suggestion was withdrawn. Counsel took no exception to the charge as given, but after the verdict had been received, he moved for a judgment of acquittal n. o. v. For the first time it was urged that the jury's verdict had been based upon "a supposed confession which was obtained from the jury [sic] while [the prisoner] was being illegally detained."

The trial judge noted that the appellant's statements had been taken at police headquarters within a brief period of time following the arrest. He pointed out that he had earlier called attention "to the fact that no objection whatever was made to this confession at the time that the testimony was put in during the trial. It only comes in now, and there was no motion of any kind to suppress the confession. Why is it made at this late date?" Counsel replied that as he saw the case, "The only damaging information in the case was this supposed confession." The judge asked "What about the direct testimony of the police officers?" to which counsel replied "That was with a person who has not—who was not sufficiently described as far as that night is concerned." The judge replied that "Perkoski arrested him, carried him down to the patrol box, held him there at the patrol box for awhile and then after he was knocked down, looked up; in his face was a pistol pointing down his gullet. Gracious sakes alive, I don't know anybody who would be in a

better position to identify him than Perkoski." Then the judge ruled:

"Well, in any event, as I see it:

"1. The confession was made within an hour of arrest.

"2. No objection is made until after the verdict. And I will deny the motion."

Had there been timely and adequate objection at the trial, we could agree with the argument advanced by counsel appointed by this court that the trial judge should have excluded the statement attributed to Williams when he was brought back to the store of the National Coin Company. By that time, the police already were possessed of ample evidence of probable cause upon which they could and should have brought Williams before the Commissioner. Instead, they took the appellant to the scene of the crime. The statement then made could be said to have been elicited during a period of unreasonable delay, and hence to have been erroneously received in evidence.[1] Defense counsel, however, did not object on Mallory grounds, but on the ground that such testimony was outside the scope of "direct examination."

As matters stand, we do not find sufficient prejudice to justify reversal for plain error in light of the record as a whole.[2] There is ample evidence otherwise predicating the conviction. The direct testimony of the officers alone was sufficient[3] entirely apart from any statements made by the accused[4] shortly after his arrest.

Under all the circumstances, we find no adequate basis upon which to disturb the judgment of the trial court.

Affirmed.

1. Trilling v. United States, 104 U.S.App. D.C. 159, 260 F.2d 677 (1958); Watson v. United States, 101 U.S.App.D.C. 350, 249 F.2d 106 (1957); Ginoza v. United States, 279 F.2d 616 (9 Cir. 1960).

2. Ruffin v. United States, 106 U.S.App. D.C. 97, 269 F.2d 544, cert. denied, 361 U.S. 865, 80 S.Ct. 129, 4 L.Ed.2d 107 (1959); Gilliam v. United States, 103 U.S.App.D.C. 181, 257 F.2d 185 (1958), cert. denied, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680 (1959); Blackshear v. United States, 102 U.S.App.D.C. 289, 252 F.2d 853 (1958), cert. denied, 359 U.S. 1004, 79 S.Ct. 1144, 3 L.Ed.2d 1033 (1959); Lawson v. United States, 101 U.S.App.D.C. 332, 248 F.2d 654 (1957), cert. denied, 355 U.S. 963, 78 S.Ct. 552, 2 L.Ed.2d 537 (1958).

3. Johnson v. United States, 110 U.S.App. D.C. 187, 290 F.2d 378 (1961); Perry v. United States, 102 U.S.App.D.C. 315, 316 n. 2, 253 F.2d 337, 338 n. 2 (1957), cert. denied, 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816 (1958); Lawson v. United States, supra note 2; Mumforde v. United States, 76 U.S.App.D.C. 107, 110, 130 F. 2d 411, 414, cert. denied, 317 U.S. 656, 63 S.Ct. 53, 87 L.Ed. 527 (1942); Thomas v. United States, 287 F.2d 527, 530 (5 Cir.), cert. denied, 366 U.S. 961, 81 S.Ct. 1923, 6 L.Ed.2d 1254 (1961).

4. There was no objection to the statements when offered, see Thomas v. United States, 106 U.S.App.D.C. 5, 268 F.2d 581 (1959); Ruffin v. United States, supra note 2.