THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROGER DANNIC, Defendant.

Supreme Court, Kings County, February 10, 1967.

*Albert J. Brackley* for defendant. *Aaron E. Koota, District Attorney,* for plaintiff.

DOMINIC S. RINALDI, J. The defendant, indicted for manslaughter second degree and assault second degree, moves to suppress leads obtained from him during police questioning, which leads resulted in the only evidence against him.

The facts giving rise to this indictment are brief and undisputed. The defendant Dannic shared the company, on the evening in question, of three friends, Carbone, Cather and O'Connor, spending at least some part of their time consuming alcoholic beverages. Later, they separated, with Dannic and Carbone leaving together. Thereafter an argument ensued between Dannic and Carbone, in the course of which defendant Dannic struck Carbone, Carbone fell to the ground, and Dannic left the scene.

Some eight hours thereafter, Carbone died. Unaware of his death, the three friends met again, and recounted the events of the previous evening. Dannic related to Cather and O'Connor the blow struck by him on Carbone, and to relieve their concern, Dannic called Carbone's home, in the presence of Cather and O'Connor, to inquire as to Carbone's arrival home. They then learned that Carbone was dead.

Defendant Dannic thereupon, on the advice of his clergyman, went to a police precinct, accompanied by a lawyer.

For the purposes of this motion, it is unnecessary to consider whatever events transpired there, for the prosecution, commendably concedes that the circumstances render Dannic's statements inadmissible under the applicable case law.

However, Dannic's statements led the police to Cather and O'Connor, and police investigation resulted in securing from Cather and O'Connor the admissions made to them by defendant Dannic.

Defendant now seeks to suppress the leads to Cather and O'Connor, obtained from his own concededly inadmissible statements to the police.

It is implicit in the position of both the prosecution and the defense that there were no eyewitnesses, and that Cather and O'Connor were discovered solely by reason of defendant's inadmissible statements.

I grant the motion, and order suppressed all testimony by Cather and O'Connor. In so doing, I follow the fruit of the poisoned tree doctrine, first developed by Mr. Justice FRANKFURTER in *Nardone* v. *United States* (308 U. S. 338, 341).

The applicability of this doctrine in "search and seizure" has been set forth in *People* v. *Rodriguez* (11 N Y 2d 279).

Logic and fairness, as well as precedent, impel me to follow the same theory in this "confession" case.

As was said by Mr. Justice BRENNAN in *Wong Sun* v. *United States* (371 U. S. 471, 486): "Nor do the policies underlying the exclusionary rule invite any logical distinction between physical and verbal evidence. Either in terms of deterring lawless conduct by federal officers * * * or of closing the doors of the federal courts to any use of evidence unconstitutionally obtained * * * the danger in relaxing the exclusionary rules in the case of verbal evidence would seem too great to warrant introducing such a distinction."

It has also been said: "If the use of a coerced confession against a defendant violates our basic sense of fairness, that sense of fairness is equally violated by the use against the defendant of the 'fruits' of his coerced confession". (Richardson, Evidence [9th ed. by Prince], § 341, citing *People* v. *Ditson*, 57 Cal. 2d 415.)

In the instant case, the precise facts giving rise to the prosecution's concession that defendant's statement is inadmissible, do not appear on the record before me, but I must assume that a confession, or admission, if offered, would be invalid under *Miranda* v. *Arizona* (384 U. S. 436). "The prosecution may not use statements * * * stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination". (*Miranda* v. *Arizona, supra,* p. 444.)

The words of Mr. Justice FRANKFURTER in *Rogers* v. *Richmond* (365 U. S. 534, 540) are appropriate: "Our decisions * * * have made clear that convictions following the admission into evidence of confessions which are involuntary, i.e., the product of coercion, either physical or psychological, cannot stand. This is so not because such confessions are unlikely to be true but because the methods used to extract them offend an underlying principle in the enforcement of our criminal law: that ours is an accusatorial and not an inquisitorial system — a system in which the State must establish guilt by evidence independently and freely secured and may not by coercion prove its charge against an accused out of his own mouth."

Had independent investigation elicited the existence of Cather and O'Connor, a different result might follow. Mr. Justice Holmes presented the proposition thus: "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed." (*Silverthorne Lbr. Co.* v. *United States,* 251 U. S. 385, 392.)

It is clear that confessions or admissions made to private persons are admissible under *Miranda* as well as under *People* v. *Gunner* (15 N Y 2d 226). Had Cather or O'Connor come forward voluntarily or by independent police investigation, their knowledge, derived from Dannic's admissions to them, could be received.

My colleague, Mr. Justice Sobel, has observed: "The fruit need not be a tangible product of the confession; it may be an intangible product such as a later confession". (The New Confession Standards, *Miranda* v. *Arizona,* Gould Publications, p. 103, citing *United States* v. *Gorman,* 355 F. 2d 151; *Greenwell* v. *United States,* 336 F. 2d 962; *Killough* v. *United States,* 315 F. 2d 241, and other cases.)

The motion to suppress the testimony of the witnesses Cather and O'Connor is granted.