■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROGER DANNIC, Respondent.— Order of the Supreme Court, Kings County, dated February 14, 1967, which granted defendant's motion to suppress testimony of two witnesses,

reversed, on the law, and action remanded to the Criminal Term for proceedings not inconsistent herewith. No questions of fact were considered on this appeal. Defendant was indicted for the crimes of manslaughter in the second degree and assault in the second degree. He moved to suppress the testimony of two friends, Cather and O'Connor, to whom he had made certain incriminating statements. The record of the hearing held on the motion consists mainly of a brief statement of facts made to the court by the Assistant District Attorney, concurred in by defense counsel, the substance of which is as follows: An altercation between two friends, defendant and the deceased, resulted in defendant knocking the deceased to the sidewalk; defendant left the scene not knowing the condition of his friend; later, defendant informed two friends, Cather and O'Connor, of the incident; at their urging he contacted the family of the deceased and was informed then that his friend had died, apparently as a result of striking his head on the sidewalk; and defendant, accompanied by an attorney, presented himself to the police to whom he made a statement, wherein he informed them of having described the events to Cather and O'Connor. This statement to the police (said the Assistant District Attorney) was invalid under existing law. On this statement of facts, defendant contended that the testimony of Cather and O'Connor should be excluded as the tainted fruits of the inadmissible confession. The hearing court agreed. In our opinion, assuming an illegal confession, for the fruit of the poisoned tree doctrine to be operative, a causal chain must be shown to exist from the primary illegality to the procurement of and the effect upon the substance of the evidence sought to be employed. A bare finding that the identity of witnesses was learned by illegal means is insufficient to warrant exclusion (cf. *Wong Sun* v. *United States*, 371 U. S. 471; *People* v. *Rodriguez*, 11 N Y 2d 279; *Smith* v. *United States*, 324 F. 2d 879; *McLindon* v. *United States*, 329 F. 2d 238; *United States* v. *Tane*, 329 F. 2d 848; *Smith* v. *United States*, 344 F. 2d 545; *People* v. *Scharfstein*, 52 Misc 2d 976). Before determining the instant motion to suppress, several questions should have been answered: (1) if it be assumed that no statement had been made by defendant to the police, would Cather and O'Connor have come forward voluntarily; (2) if not, would the police have reasonably been expected to learn their identity by an independent investigation; and (3) apart from revealing their identity, to what use, if any, was the illegally obtained information put in procuring the testimony of the witnesses and in affecting the substance thereof. The standard applied by the hearing court was erroneous and the record as it now stands is insufficient to answer the questions above posed and to properly determine the issue presented. Therefore, we reverse and remand for a hearing *de novo* (cf. *People* v. *Peacock*, 29 A D 2d 762; *McLindon* v. *United States*, supra). Further, we deem the statement made on the record by the Assistant District Attorney insufficient to establish the inadmissibility of defendant's admission to the police. Consequently, the hearing here ordered should fully explore the circumstances surrounding the making of that admission. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur. [52 Misc 2d 1012.]